UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHAN TERRY DICK,

    Plaintiff,

v.

TRACY M. ABERNATHY,

    Defendant.

Case No. 25-cv-01909-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Nathan Dick's Motion to Remand (Doc. 14). He asks the Court to remand this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, because the amount in controversy does not exceed $75,000. Defendant Tracy Abernathy responded to the motion (Doc. 16).

**I.   BACKGROUND**

This litigation arises from a motor-vehicle accident that occurred on or about September 4, 2023, in St. Clair County, Illinois. On September 2, 2025, Plaintiff filed a complaint against Defendant in state court alleging one count of negligence. In the complaint, Plaintiff seeks damages in excess of $50,000. On October 14, 2025, Defendant timely removed the case to this Court because the parties are diverse, and she believes the amount in controversy exceeds $75,000 exclusive of interests and costs. In other words, she believes that this Court has jurisdiction under 28 U.S.C. § 1332(a). Plaintiff filed the pending motion to remand on November 11, 2025.

**II.  ANALYSIS**

A defendant may remove to federal court a case filed in state court if the federal court would have original jurisdiction to hear the case. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss*

*Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A federal court has original diversity jurisdiction where the parties are completely diverse and where more than $75,000, exclusive of interests and costs, is in issue. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). In this case, there is no dispute as to whether the parties are diverse. Plaintiff is a citizen of Illinois and Defendant is a citizen of Missouri. As such, the only question for the Court to determine is whether the amount in controversy exceeds $75,000.

In the event of removal, the amount-in-controversy is determined on the day the suit is removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). Because Defendant is seeking to invoke federal jurisdiction, she "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Id.* at 511. This can be difficult where the plaintiff "does not want to be in federal court and provides little information about the value of [his] claims." *Id.* In such cases, "a good-faith estimate . . . is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)).

The Court finds that Defendant has established the amount in controversy exceeds $75,000. Plaintiff has not provided detailed information about the value of his potential damages. Therefore, the Court will accept Defendants good-faith estimate. Defendant's estimate is based on the allegations in the complaint. In the complaint, Plaintiff alleges that he "suffered serious injuries, including a concussion, abrasions to his scalp, fracture of his left radius, and fracture of

his left ulna." He alleges that these "injuries have caused [him] to suffer pain, discomfort, and mental anguish." Further, he alleges that he has suffered "lost earning and benefits," "has incurred medical, nursing, and hospital expenses," and "has been restricted in his usual activities and affairs." Given the injuries alleged by Plaintiff, it is plausible that the amount in controversy exceeds $75,000.

Plaintiff has provided no additional details in his motion that would prove to a legal certainty that the value of his claim could not exceed $75,000. Instead, he argues that the amount in controversy requirement is not met because his complaint only states that he seeks damages in excess of $50,000. But the allegation of damages in the complaint provides little evidence of the amount in controversy. Illinois law requires a plaintiff to attach an affidavit to their initial pleading indicating whether the total amount sought exceeds $50,000. *See* Ill. S. Ct. R. 222(b). However, it prohibits a party from claiming the amount of money in a personal injury action. 735 ILCS 5/2-604.2(a). Accordingly, the specific number alleged in the complaint—more than $50,000—is used only to comply with Illinois law, not to prove the amount in controversy. As such, it does not show to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount.

### III.  CONCLUSION

The Court finds that Defendant has established that the amount in controversy exceeds $75,000, and Plaintiff has not shown to a legal certainty that the value of the claim is below the requisite amount. Therefore, it DENIES Plaintiff Nathan Dick's Motion to Remand (Doc. 14).

**IT IS SO ORDERED.**
**DATED**:   January 8, 2026

                        <u>s/ J. Phil Gilbert</u>
                        **J. PHIL GILBERT**
                        **United States District Judge**